## SIMES v DAYTON-XENIA RY CO

Ohio Appeals, 2nd Dist, Greene Co

No 430.   Decided July 15, 1937

Marshall & Marshall, Xenia, for plaintiff-appellee.

Harry L. Ferneding, Dayton, and C. L. Darlington, Xenia, for plaintiff appellant.

### OPINION

By THE COURT

Submitted on application for rehearing consisting of five grounds: the first, that the judgment is excessive; second, gross abuse of discretion in refusing to grant the motion of defendant to permit the jury to inspect the mechanism by which the street-car door was closed; third, prejudicial error in permitting the jury to examine and feel the neck of plaintiff; four, prejudice to defendant by the acceptance of a juror who was a former discharged employee of defendant company; five, that the court should consider the exhibits and affidavits relating to the ballots of the jury, by means of which it was expected to establish that the jury reached its verdict by means of a quotient.

In the supplemental and amended brief which has been filed subsequent to the application for rehearing the further argument of counsel is divided into six subheadings: A, B, C, D, E and F.

We considered at length the second and fifth branches of the application in our original opinion. The first and third were considered and passed upon generally, in that we found that no preujdicial error assigned appeared on the record. The fourth branch of the application is new.

It is not necessary and will serve no useful purpose to reconsider those matters which we undertook to discuss thoroughly in our former opinion. On the question of the weight of the evidence this case is typical of a great many cases which are reviewed. The evidence was conflicting and upon material matters more witnesses supported the claim of the defendant than of the plaintiff, but the situation as a whole was one for the jury and it had the right to determine where the probabilities were to be found. By its verdict it supported the claim as asserted by the plaintiff. In so doing it did not go beyond its well-recognized province. Giving to the plaintiff's evidence a favorable interpretation, which the jury had the right to do, it cannot be said that it is contrary to or manifestly against the weight thereof, nor is the verdict and judgment excessive.

The record exemplifies no error with respect to an examination of the neck of a plaintiff by jurors.

The claim as to the irregularity in the selection and service of a juror cannot be made because there is nothing whatever in the record respecting the impaneling of the jury, nor does it appear that the matter was at any time called to the attention of the trial court.

Our attention is directed to the fact that plaintiff charged in her petition that she sustained a fracture of the skull and that the testimony did not support the allegation. This is probably true but it would not preclude the showing, when not objected to, of concussion of the brain, which the doctors who testified for the plaintiff agreed had occurred; both said that concussion might occur without fracture, though concussion always results if fracture occurs. Nor does the fact that the plaintiff averred that she lost nine weeks' wages at

$55.00 per month preclude a showing that she had lost four weeks only.

By the plaintiff's testimony, which is uncontradicted, though it is not supported by the bills of the creditors, she has lost wages and incurred indebtedness by reason of her injuries in the sum of $254.00. This leaves a difference in her favor of less than $650.00, representative of the total value in dollars and cents of the injuries which she received. According to the record she was in the hospital for four weeks suffering considerable pain and was inconvenienced with more or less suffering for more than a year after her injuries. There is no showing of any considerable permanency of injury, though there is some. $900.00, in no view of this case, giving to the jury its proper prerogatives, could be held to be excessive.

We have given full consideration to all of the grounds for the rehearing and the able argument of counsel in their supplemental brief and have again read that portion of the record which is attached thereto. We are constrained to say that this case and the verdict and judgment therein were not the result of any error which we can determine to have been prejudicial to the plaintiff.

The application for rehearing will be denied.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.